IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY CIBORO,

                Plaintiff,           Case No. 3:07 CV 500

  -vs-

                                            MEMORANDUM OPINION

CITY OF TOLEDO FIRE
DEPARTMENT, et al.,

                Defendant.

KATZ, J.

      This matter is before the Court on the Defendants' motion for summary judgment and Plaintiff's response thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Defendants' motion is well taken.

**I. BACKGROUND**

      On February 22, 2005[1], the Toledo Fire Department was called to 1215 Walbridge, Toledo, Ohio in response to an emergency call of an individual experiencing a diabetic reaction. The firefighters who responded to this call were Ken Carr, Robert Walters, Rico Daugherty ("Daugherty") and William Bruss ("Bruss"). It is undisputed that three of the four firefighters attended to the individual in distress and Daugherty stood in the doorway recording medical

---

[1] Plaintiff's complaint indicates that the event in question occurred in February 21, **2007** (Complaint at ¶ 4) as does the Defendants' motion for summary judgment (Doc. No. 28 at p. 2), and Defendants' affidavits (Doc. No. 28, Carr Aff. at ¶ 3, Walters Aff.at ¶ 3) in support of their motion. However, the Defendants' counterclaim states the event in question occurred in February 22, **2005** (Doc. No. 7, p. 4, ¶ 1) as does the Plaintiff's response to the summary judgment motion (Doc. No. 32, p. 1). Since this case was filed on February 22, 2007, the Court presumes the correct date regarding the event in question is February 21, 2005.

information. (Carr Affidavit at ¶3 and Walters Affidavit at ¶ 3.) Also present was Timothy Ciboro ("Ciboro") who was and currently is a member of the Toledo Fire Department. On the day in question, Ciboro was at his fiancee's home and her brother was the individual receiving medical attention.

According to Ciboro, during this event he was assaulted without provocation by Daugherty and Bruss and he sustained injuries. Ciboro also states he was wrongfully charged with assault, which ultimately resulted in an acquittal.

In February 2007, Ciboro initiated this action against the City of Toledo Fire Department, Daugherty, and Bruss alleging an action under 42 U.S.C. § 1983 as well as claims of malicious prosecution, civil assault and civil conspiracy. The Defendants filed a counterclaim alleging Ciboro's actions: (1) were unlawful resulting in injury to Daugherty; (2) were intentional, willful and malicious warranting punitive damages; and (3) violated a duty to refrain from attacking Daugherty. While Ciboro was initially represented by counsel in April 2008, following withdrawal of his attorney, the Court granted Ciboro's motion to proceed pro se. (Doc. No. 24.)

## II. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

2

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch*

*Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### III. DISCUSSION

*A. 42 U.S.C. § 1983*

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In order to state a claim under § 1983, a plaintiff must "allege the violation of a right secured by the Constitution or laws of the United States and must show the deprivation of that right was committed by a person acting under color of state law." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

1. <u>Individual Capacity Claims and Qualified Immunity Defense</u>

Defendants contend Plaintiff's suit is against the individual firefighters in their official capacity. The complaint does not specify in which capacity the individual firefighters are sued. In order to make this determination, the trial court examines the course of proceedings as follows:

> the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified i
> knowledge of the potential for individual liability.

*Shepard v. Wellman*, 313 F.3d 963, 967-968 (6th Cir. 2002).

4

In this case, the caption of the complaint names Defendant Daugherty and lists his address as the City of Toledo Fire Department. The caption also names Defendant Bruss but lists his home address as opposed to his work address. The prayer of the complaint demands a monetary judgment "against the Defendants jointly and severally in the sum of One Million Dollars ($1,000,000.00), plus costs of suit." The affirmative defenses set forth by the Defendants in their answer includes qualified immunity. (Answer, Doc. No. 7, at ¶¶ 21 and 23.) Taking into account the course of proceedings in this action, the firefighter Defendants were on notice of individual capacity claims.

As the individual Defendants face claims in their individual capacity, the Court must next determine whether Plaintiff has established a constitutional violation under § 1983. Count 1 of the Complaint states in pertinent part:

> Defendants are guilty of violating Plaintiff's civil rights by detaining him and assaulting him all under the color of Ohio law.

(Compl. at ¶ 9.) Because the Plaintiff's allegation asserts a seizure and unreasonable force, it must be examined under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). The individual Defendants are deemed to be state actors as they responded to the event in the course of their responsibilities with the Toledo Fire Department.

As noted previously, the answer to the complaint contains an affirmative defense of qualified immunity. As noted by the Supreme Court in *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991), "[i]mmunity ordinarily should be decided by the court

5

long before trial." As the Court has determined the firefighters to be named in their individual capacity, consideration of this defense is also appropriate at this juncture[2].

Qualified immunity protects government officials performing discretionary functions from civil liability under federal laws unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S. Ct. at 2738. Qualified immunity "is an *immunity from suit* rather than a mere defense to liability . . . [and] is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (emphasis in original).

Qualified immunity provides a broad range of protection, as it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992), *cert. denied sub nom., Maciariello v. City of Lancaster*, 506 U.S. 1080 (1993). In this case, the individual Defendants are entitled to qualified immunity unless their conduct relating to Ciboro violated clearly established statutory or constitutional rights of which a reasonable person would have known. The Court concludes that it does not.

In making this determination, the threshold issue is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). The complaint alleges the Plaintiff was "assaulted without provocation by the Defendants, members of the Toledo fire department, who shoved [Plaintiff] into the doorway and

---

[2] This case is set for a jury trial on November 24, 2008.

along the wall and back into the corner of the room and began to strike [Plaintiff]."(Compl. at ¶ 4.) Again, the right to be free from excessive force is well established under the Fourth Amendment.

The second inquiry focuses on whether "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.*, citing *Anderson v. Creighton*, 483 U.S. at 640.

Analogous situations present themselves in police detention cases where a plaintiff claims excessive force. Where police officers are in the process of executing a search warrant or another official task, the interference of a bystander therein, coupled with an emergency situation, and the resulting conduct by the officer must be considered under the reasonable officer standpoint. *Jones v. City of Jersey City*, 45 Fed. Appx. 196, 198 (3rd Cir. 2002) (person who interfered with arrest of a suspected drug dealer and was restrained by officers could not advance an excessive force claim as the restraint was not an unreasonable response to the circumstances). *Compare Solomon v. Auburn Hills Police Dept.*, 389 F.3d 167, 174-175 (6th Cir. 2004) (circumstances surrounding arrest did not present a tense and uncertain situation for officers which led to unreasonable amount of force in effecting the arrest leading to denial of qualified immunity). *See also Slusher v. Carson*, 540 F.3d 449 (6th Cir. 2008)(use of force held reasonable against landowner injured when officer grasped her hand while attempting to retrieve paperwork of a neighbor who was retrieving tractor from landowner's property); *Dunigan v. Noble*, 390 F.3d 486, 493 (6th Cir. 2004) (officers entitled to qualified immunity to excessive force claims by fugitive's mother in the execution of an arrest warrant for her son which resulted in her arrest and physical injury).

The Defendants herein were responding to an emergency call at the home of Plaintiff's fiancee. Four firefighters were dispatched to provide treatment to Ciboro's future brother-in-law, who was experiencing a diabetic episode. The Defendants contend and the Plaintiff does not dispute that Ciboro attempted to enter the room where assistance was being rendered but was prevented from doing so by both Daugherty and Bruss. Plaintiff's allegations regarding his injuries are characterized as "numerous injuries around the head, neck and back along with bruises and contusions," (Compl. at ¶ 5) and are consistent with a struggle. Based upon the circumstances at that time, Ciboro's undisputed attempts to interject himself into a situation where firefighters were attending to someone in medical distress might be reasonably viewed as interference by an outside party and called for restraint of the interfering party. Considering this situation the Court cannot find the reaction of the individual firefighters attempting to restrain outside interference with emergency medical treatment to be unreasonable. On this basis, the Court finds that the individual Defendants' actions did not violate a clearly established constitutional right and the individual Defendants are entitled to qualified immunity from suit. The individual Defendants are, therefore, granted summary judgment on the § 1983 claims asserted against them in their individual capacity. 2. <u>Official Capacity Claims</u>

With regard to the official capacity claims asserted against all Defendants, the party in interest is the entity and requires the plaintiff to establish that a policy or custom contributed to constitutional violation. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). In order to prevail on such an action, the issues addressed are whether:

> (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city was responsible for that violation.

*Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992).

Where the plaintiff has failed to establish a constitutional right by the individual defendant, the claims against the municipality related to this conduct are also resolved. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 106 S.Ct. 1571 (1986); *Bukowski v. City of Akron*, 326 F.3d 702, 712-713 (6th Cir. 2003). In this instance, the Court has determined that the individual Defendants did not violate a clearly established constitutional right and this determination negates further progression of the § 1983 claim against the City.

Assuming *arguendo* that the first issue could be established, the Plaintiff must then establish a causal link between the municipality policy or practice and the violation of the plaintiff's right. In this action, the Plaintiff does not allege an official policy or practice nor is a direct causal connection asserted as between the policy and alleged constitutional violation. The failure of the Plaintiff to address this issue both in his complaint and in his response to the motion for summary judgment indicates that such a claim against the municipal Defendant is without a basis in law. Accordingly, the Defendants are granted summary judgment on the § 1983 action to the extent that claim is asserted against them in their official capacities.

*B. State Claims*

    1. Immunity

The Defendants state that they are immune from liability under Chapter 2744 of the Ohio Revised Code. The determination of statutory immunity is purely a legal question. *Nease v. Medical College Hosp.*, 64 Ohio St.3d 396, 400, 596 N.E.2d 432, 435 (1992). To ascertain civil

9

liability, the court must engage in a three-tier analysis. *Frederick v. Vinton Co. Bd. of Educ.*, Case No. 03CA579, 2004 WL 232129 (2004).

First, a court considers Ohio Rev. Code § 2744.02(A)(1), which states in pertinent part that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Under § 2744.01(C)(2)(a), a governmental function includes "[t]he provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection." Thus, the Defendants in this case in responding to a paramedic call were engaged in a governmental function.

Next, the analysis considers whether any of the exceptions under § 2744.04(B) apply to the present action. These exceptions include:

> the negligent operation of a motor vehicle by an employee, R.C. 2744.02 (B)(1); the negligent performance of acts by an employee with respect to a proprietary function, R.C. 2744.02 (B)(2); the negligent failure to keep public roads in repair and open, R.C. 2744.02 (B)(3); the negligence of employees occurring within or on the grounds of buildings used in connection with the performance of governmental functions, R.C. 2744.02 (B)(4); and when civil liability is expressly imposed upon the political subdivision by statute, R.C. 2744.02 (B)(5).

*Williams v. McFarland Properties, L.L.C.*, 2008-Ohio-3594, __N.E.2d__, 2008 WL 2789285 (Ohio App. 12th Dist. 2008). It is the Defendants' position that none of these exceptions applies in this case. The Plaintiff responds by repeating his claim contained in his first cause of action alleging detention and assault, adding this is "clearly the exception, and therefore, removing Defendants from all Immunity for Liability of Ohio law."

A review of the exceptions listed above does not find any of them to be applicable to the Defendants. Moreover, political subdivisions are immune from liability as to intentional tort

claims. *Wilson v. Stark Cty. Dept. of Human Services*, 70 Ohio St.3d 450, 452, 639 N.E.2d 105, 107 (1994). As there is no exception to governmental immunity for intentional torts, the Defendants are entitled to immunity as a matter of law.

    2. Malicious Prosecution

Alternatively, Defendants contend that absent immunity, Plaintiff cannot prevail upon his claim of malicious prosecution. To establish such a claim, the Plaintiff must demonstrate: (1) malice in instituting or continuing the prosecution; (2) a lack of probable cause; and (3) a termination of the prior proceedings in the plaintiff's favor. *Krieger v. Cleveland Indians Baseball Co.*, 176 Ohio App.3d 419, 428, 892 N.E.2d 461, 474 (2008), citing *Criss v. Springfield Twp.*, 56 Ohio St.3d 82, 84 (1990).

Here, the Defendants contend there is no admissible evidence which shows the Defendants instituted the prosecution against Plaintiff. Plaintiff's response merely recites two out of the three elements but offers nothing more. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552. As the Plaintiff has failed to carry present evidence to sustain this claim, the Defendants are entitled to summary judgment on the claim of malicious prosecution.

    3. Civil Assault

To establish a cause of action for civil assault, there must be a "willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." *Vandiver v. Morgan Adhesive Co.*, 126 Ohio App.3d 634, 638, 710 N.E.2d 1219, 1221 (1998), citing *Smith v. John Deere Co.*, 83 Ohio App.398 (Ohio 3rd Dist. 1993). In this

instance, the Plaintiff argues, "[b]y touching Plaintiff and offending him in effect, Defendants' completed actions show intention. Furthermore Defendants' intentions were to cause harm to Plaintiff as the completed actions demonstrated." (Plaintiff's Response at p. 3.)

In this instance there is no admissible evidence of a threat or willful attempt to harm the Plaintiff. Moreover, the undisputed series of events as presented in Defendants' affidavits indicate efforts to restrain Plaintiff as he was attempting to intervene during the event. According to the Defendants, it is their practice to not allow others to participate in treatment efforts for the safety of both the patient and the responding team members. (Walters Aff. at ¶ 6.) Viewing the admissible evidence in the light most favorable to the Plaintiff, the Court finds the Plaintiff has failed to establish all the necessary elements or demonstrate a genuine issue of material fact sufficient to warrant denial of this claim. For these reasons, the Defendants are granted summary judgment on the claim of civil assault.

### 4. Civil Conspiracy

To establish a claim of civil conspiracy, the movant must show: (1) a malicious combination; (2) involving two or more persons, (2) which cause injury to the person or property, as well as (4) the existence of an unlawful act independent from the conspiracy itself. *Williams v. Aetna Financial Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868 (1998) *quoting Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 416 (1995). In this case, the allegation of civil conspiracy is devoid of any factual allegations nor does the Plaintiff oppose dismissal of this claim in his response to the motion for summary judgment. As the Plaintiff has failed to present anything beyond the cursory allegation of civil conspiracy, the Defendants are entitled to summary judgment on this claim as a matter of law.

**CONCLUSION**

For the reasons stated above, the Defendants' motion for summary judgment (Doc. No. 28) is granted and Plaintiff's claims against them are dismissed. Accordingly, the jury trial scheduled for November 24, 2008 is vacated. In addition, the final pretrial set for November 10, 2008 is vacated.

The Defendants' counterclaims remain pending and those matters will be addressed at a status conference on November 24, 2008 at 3:30 p.m.

IT IS SO ORDERED.

  S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE